IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN DUANE WALKER,                      *
            Plaintiff
                                         *
    v.                                        CIVIL ACTION NO. RDB-06-2221
                                         *
JAMES ROLSEY, et al.,
            Defendants                   *
                                    ******

## MEMORANDUM OPINION

Plaintiff brings this *pro se* action against the Howard County Police Department, members of the Howard County State's Attorneys' Office, members of the Howard County Public Defender's Office, and judges of the Circuit Court for Howard County. He asserts jurisdiction under 42 U.S.C. § 1983.  Plaintiff complains, among other things, that his state court criminal case was delayed and that he is dissatisfied with the conduct of the Howard County Police Department, the prosecuting attorneys, defense attorneys, and trial court judges during his criminal proceedings. Plaintiff also brings suit against Correctional Medical Services for denial of medical care while he has been incarcerated.  (Paper No. 1). Plaintiff has filed a Motion for Leave to Proceed in Forma Pauperis (Paper No. 2) which shall be granted.

**I.      Plaintiff's Criminal Trial:**

Upon review of the Complaint, the Court concludes that the portion of Plaintiff's complaint concerning the conduct of his trial shall be dismissed under the provisions of 28 U.S.C. § 1915(e), for reasons set forth herein.  *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995).

**A.      Judicial Officers**

The defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity. *See Stump v. Sparkman*, 435 U.S. 349 (1978). Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v. Ray*, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991), *quoting Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). Moreover, the law is well-settled that the doctrine of judicial immunity is applicable to actions filed under 42 U.S.C. § 1983. *Stump*, 435 U.S. at 356.

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial" and whether at the time the challenged action was taken the judge had subject matter jurisdiction. *See Stump*, 435 U.S. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id.* at 356-57.

A review of Plaintiff's allegations against Defendants does not compel the conclusion that judges of the Circuit Court for Howard County acted in clear absence of jurisdiction. Rather,

Plaintiff's lawsuit is exactly the type of action that the *Pierson* Court recognized as necessitating the doctrine of judicial immunity.  In apparent disagreement with the decisions reached at the state court level, this *pro se* litigant has turned to this forum to assert allegations of unconstitutional acts against state court judges.  Because judicial immunity precludes the Plaintiff's recovery against Defendants, *sua sponte* dismissal of Plaintiff's claims against the judges of the Circuit Court for Howard County is appropriate.

### B.  Howard County State's Attorneys

Likewise, prosecutors are immune from civil suits for acts committed within the scope of their official duties where the challenged activities are not investigative in nature, but rather are "intimately associated with the judicial phase of the criminal process...." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Springmen v. Williams*, 122 F.3d 211, 213 (4th Cir.  1997).  Here, the alleged conduct is clearly "intimately associated with the judicial phase of the criminal process" and is thus entitled to absolute prosecutorial immunity.  *See Imbler*, 424 U.S. at 430.  For  this reason, Plaintiff's claims against employees of the Howard County States's Attorney's office are subject to dismissal.

### C.    Howard County Police Department

Additionally, the claims against both the prosecutor and the Howard County Police Department for the allegedly unlawful conduct of witness identification during trial  must be dismissed for the additional reason that Plaintiff was convicted of the offenses for which he was arrested. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 and nn. 6-8 (1994) ("a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated").  In other words, a plaintiff who seeks to recover

damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question.  *Id*.  Plaintiff has failed to demonstrate that his conviction has been reversed, expunged or invalidated.

### D.  Public Defenders

Plaintiff further contends that the conduct of the Public Defenders assigned to his case violated his constitutional rights.  Essential to sustaining an action under § 1983 is the presence of two elements.  Specifically, Plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Because there is no allegation that members of the Public Defender Office were acting under color of law, the claim against them shall be dismissed.  *See Polk County v. Dodson*, 454 U.S. 312 (1981); *Hall v. Quillen*, 631 F.2d 1154 (4th Cir. 1980) (holding that there is no state action in the conduct of public defenders and attorneys appointed by the State of Maryland.)

### II      Denial of Medical Care

Plaintiff states that he suffers from diabetes and  that since coming into custody of the Division of Corrections he has been denied adequate medical care for this disease.  He names Correctional Medical Services as a Defendant in this cause of action.  *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, and a complainant who submits an inartfully pled action which contains a potentially cognizable claim should be given the opportunity to particularize his complaint in order to define his issues and to name proper defendants.  *See*

*Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984);  *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965).    Before further proceedings in this matter are conducted, the Court deems it appropriate to direct Plaintiff to supplement his Complaint concerning the denial of medical care. Specifically, Plaintiff's Supplemental Complaint should state:  (1)  the name of each  individual against whom he seeks to bring his claim of improper medical care; and (2) specifically how the conduct and/or actions of each individual violated his constitutional rights with regard to the medical matters alleged in his Complaint.   The Clerk shall be directed to mail to Plaintiff a form for use in filing a § 1983 action to assist him in filing his Supplemental Complaint.   Plaintiff is cautioned that his failure to file a Supplemental Complaint in compliance with the directives contained in this Memorandum Opinion  will result in the dismissal of his Complaint without further notice from this Court.

A separate Order shall be entered reflecting the ruling set forth herein.


September 26, 2006                              /s/_____
          Date                                                        RICHARD D. BENNETT
                                                              UNITED STATES DISTRICT JUDGE