IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEVIN DUANE WALKER,<br>      Plaintiff | * |
| | * |
| v. | CIVIL ACTION NO. RDB-06-2221 |
| | * |
| JAMES ROLSEY, et al.,<br>      Defendants | * |

## MEMORANDUM OPINION

In this prisoner civil rights action, Plaintiff Kevin Duane Walker, a Maryland Division of Correction prisoner, seeks money damages[1] and alleges he was denied appropriate treatment for diabetes while incarcerated at the Maryland House of Correction - Hagerstown between September of 2004 and June of 2005. Plaintiff claims that as a result of this alleged indifference to a serious medical need, he was unable to defend himself against an attack by a fellow prisoner and was at risk for end-organ damage or a coma. (Paper Nos. 1 and 5). Defendants employed by the State have been dismissed from this case, and Defendants Ellie Bowles and Dr. Odunsi have not been served and are not yet parties to this action.

Medical Defendants Correctional Medical Services, Inc. ("CMS") and Rebecca Eichelberger, R.N., through counsel, have filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. (Paper No. 18). Plaintiff has filed an opposition thereto. (Paper No. 23).

The Medical Defendants indicate that Plaintiff's medical records for the time in question have been lost, and attempts to locate them have proven futile. (Paper No. 18 at 9 and Exhibit A, ¶ 3). These records are, of course, one type of evidence the Court could use in resolving the Eighth Amendment issue presented in this case. Because Plaintiff bears the burden of proving injury

---

[1] To the extent Plaintiff also seeks release from incarceration, he may file an appropriate habeas corpus action in this Court after first exhausting available state court remedies.

caused by Defendants' allegedly unconstitutional care, the Court granted Plaintiff an opportunity to submit record evidence indicating that such injury occurred. Paper No. 24. Plaintiff now seeks additional time to obtain same. Paper No. 26. For reasons set forth herein, the request for additional time shall be denied.

## Standard of Review

Fed. R. Civ. P. 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to...the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting

*Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

To state a constitutional claim under the Eighth Amendment for denial of medical care, a prisoner must demonstrate that the defendant's acts or omissions amounted to deliberate indifference to his serious medical needs. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976). The treatment rendered must be so grossly incompetent or inadequate as to shock the conscience or to be intolerable to fundamental fairness. *See Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Id.* Reckless disregard occurs when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer*, 511 U. S. at 837.

A health care provider must have actual knowledge of a serious condition, not just knowledge of the symptoms. *See Johnson v. Quinones,* 145 F.3d 164, 168 (4th Cir. 1998). Furthermore, mere negligence or malpractice does not rise to a constitutional level. *See Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986). Generally, a prisoner's disagreement with medical personnel over the course of his treatment does not constitute a constitutional cause of action. *See Wright v. Collins*, 766 F. 2d 841, 849 (4th Cir. 1985).

**Analysis**

Correctional Medical Services (CMS) is a private corporation that has contracted with the State of Maryland to provide medical services to prisoners. CMS administers medical care only through

its agents and employees, and may not be held liable based on respondeat superior given the facts alleged. The liability attributed to CMS is vicarious in nature and cannot be raised in a §1983 action. *See Nedd v. Correctional Medical Services*, Civil Action No. JFM-92-1524 (D. Md., October 22, 1992), *citing Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982); *McIlwain v. Prince William Hospital*, 774 F.Supp. 986, 990 (E.D.Va. 1991). As a matter of law, CMS is entitled to summary judgment.

Plaintiff premises his claim against Nurse Eichelberger on his allegation that she was responsible for training the nursing staff who allegedly ignored his medical needs. As her affidavit clearly states, Nurse Eichelberger was not involved in training and supervising nursing staff and did not participate in Plaintiff's health care. Thus, Plaintiff cannot demonstrate that Nurse Eichelberger acted with deliberate indifference to Plaintiff's medical needs.

For the above stated reasons, the Court will grant enter summary judgment in favor of Defendants CMS and Rebecca Eichelberger. His motion for additional time to submit evidence will be denied, inasmuch as the evidence (medical records) will not salvage his effort to direct liability towards Defendants Eichelberger and CMS. To the extent Plaintiff wishes to bring a civil rights action against Ellie Bowles and Dr. Odunsi (whose whereabouts for the purpose of service of process are unknown), he may do so by filing a separate action naming these individuals and clearly delineating what role they played in violating his Eighth Amendment right to health care. Thus, Defendants Ellie Bowles and Dr. Odunsi will be dismissed from the action without prejudice. A separate Order consistent with this Memorandum follows.

Dated:   July 24, 2007              /s/
                                    RICHARD D. BENNETT
                                    UNITED STATES DISTRICT JUDGE